IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVAN RAY BEGAY,

    Petitioner,

v.                                        CASE NO. 1:11-cv-113-MP-GRJ

UNITED STATES, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has neither paid the habeas corpus filing fee nor moved for leave to proceed as a pauper. Further, Petitioner is a federal prisoner incarcerated at FCI Marianna, within the Panama City Division, and accordingly the Petition should have been filed in that Division. Because it is clear that Petitioner is not entitled to habeas relief, the undersigned recommends that this case be dismissed without further action rather than transferred.[1]

Petitioner's claims stem from his conviction and 382-month sentence in the District of Arizona following his guilty plea to eight counts of aggravated sexual abuse of two women on a Navajo Indian reservation. *United States v. Begay*, 43 Fed. Appx. 63, *64, 2002 WL 1759559 (9th Cir. 2002) (affirming sentence). Petitioner filed a motion to

---

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

vacate his sentence pursuant to 28 U.S.C. § 2255, which was dismissed as untimely. *United States v. Begay*, 2011 WL 833966 (D. Ariz. 3/7/11). In addition to finding that the motion was untimely, the sentencing court also rejected Petitioner's argument that his conviction and sentence are void because the United States has no constitutional authority to prosecute members of the Navajo Nation. *Id*.

Petitioner's claims in the instant Petition are similar to those raised in his § 2255 proceeding.[2] Petitioner contends that his District of Arizona conviction violated the U.S. Constitution, the Navajo Treaty, and federal laws pertaining to affairs on tribal lands. *See* Doc. 1.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*,

---

[2]In addition, Petitioner previously filed a similar 28 U.S.C § 2241 petition. *See Begay v. Augustine*, Case No. 5:11-cv-139-RS-GRJ. The undersigned recommended that the Petition be dismissed for failure to satisfy the savings clause requirements, and Petitioner subsequently voluntarily dismissed the petition. *Id*. Docs. 5, 6.

177 F.3d 1236, 1244 (11th Cir. 1999).  In *Wofford*, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*.  Moreover, Petitioner makes no claim of actual innocence within the meaning of *Wofford*.  See Doc. 1.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 22nd day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 1:11-cv-113-MP-GRJ*